The relief sought is a bit out of the ordinary run. The complainant's mother, the wife of the defendant, suffered an injury to her back, through a fall. The treatment she received at home and in a sanitarium, for which the defendant paid, did not fully cure her. The complainant suggested a specialist to treat her at an institution and the defendant, a physician, agreed with him that the services were necessary to a complete recovery and was in agreement with his plans, but he protested that he had not the means to pay the expenses and he so informed both the specialist and the institution. Without more, the complainant took his mother to the sanitarium, the specialist treated her and the complainant paid the bills, $459, and now sues to recover. The defendant and his wife are aged, gentle people; they married late in life (1925) and were not happy. He provided for the household and for his wife, apparently satisfactorily until after the fall (1929) when he put her on an allowance of $18 a week. He housed her in the common dwelling, but they lived apart.
A wife's authority to pledge her husband's credit for necessaries, when he refuses or neglects to provide them, arises out of the marriage relation. A wife cannot borrow money, generally, on her husband's credit (she might waste it, is the reason of the common law), but one who, for the purpose, *Page 62 
advances to her money with which she purchases necessities is in equity subrogated to the rights of those who furnish them.Leuppie v. Osborn's Ex'rs, 52 N.J. Eq. 637. To bind the husband at law or in equity, his credit must be pledged.
There is no proof that the complainant advanced the money upon the credit of the defendant, upon a pledge of it by his wife; there is none that his mother solicited him to aid her or that he assisted her relying on the defendant's credit. There is none that he even had an expectation that the defendant would, nor an intention that he should reimburse him. Upon the defendant pleading lack of funds, the complainant took upon himself the cure of his mother, not in discharge of her husband's duty, nor in reliance upon his responsibility, but purely through filial sympathy, voluntarily, independent of contract, expressed or implied. In these circumstances he could not recover at law had he furnished the necessaries and cannot in equity, as subrogee, because he supplied the money that procured them. The bill will be dismissed.